# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| GAIL HARNESS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 3:18-cv-00100, ) 3:18-cv-00340 ) Jury Demanded |
| ANDERSON COUNTY, TENNESSEE, | ) ) |
| Defendant. | ) |

## PLAINTIFF'S PROPOSED SPECIAL JURY INSTRUCTIONS

Plaintiff, Gail Harness, by and through counsel, submits the following proposed special jury instruction to be given to the jury at the close of all evidence.

As a threshold matter, Plaintiff states that her counsel conferred with counsel for Defendant regarding special jury instructions. The Parties agree on the instructions proposed by Defendant under the Tennessee Human Rights Act claims, which conform to the Tennessee Pattern Civil Jury Instructions, and which have been provided to the Court through Defendant's submissions.[1] The Parties could not, however, agree on the wording and elements regarding municipal liability in this case under § 1983 claim.

It is the Plaintiff's position that the jury should not be charged with "municipal liability," because Jones's conduct (by itself) makes Anderson County municipally liable under *Monell*, because Jones was a final policymaker and he was the one who engaged in the offending conduct, and because Defendant, as demonstrated by its summary judgment filings, has conceded the facts

---

[1] Plaintiff's only objection to Defendant's proposed THRA instruction for retaliation is the use of the phrase "in the newly elected Anderson County Clerk of Court's decision not to rehire her following his taking office." (Def.'s Proposed Instructions at p. 3, Doc. 78.) This should read, simply, "Anderson County's termination of Plaintiff's employment," because that is, in fact, what happened. Plaintiff was employed by Anderson County, working at a county-owned senior center before her termination.

related to Jones's status as a 'final policymaker'/doer. So a jury charge regarding "policy or custom" only serves to confuse the questions the jury will decide.

For these reasons, the first instruction that follows is the only instruction Plaintiff contends should be charged. The two subsequent instructions are examples of what Plaintiff would propose in the alternative, that is, in the event the Court disagrees and rules that municipal liability should be charged.

# FOURTEENTH AMENDMENT: VIOLATION OF EQUAL PROTECTION CLAUSE

The Fourteenth Amendment to the United States Constitution provides a clear right to be free from discrimination based on sex in public employment, and this extends to protection from sexual harassment. In order to prove that her right to be free from sex discrimination was violated, Plaintiff must prove the following things by a preponderance of the evidence that:

1. Plaintiff was subjected to sexualized words and conduct by William T. Jones;

2. The conduct was unwelcome;

3. The conduct occurred because of Plaintiff's sex (female);

4. The conduct was sufficiently severe or pervasive that a reasonable person in Plaintiff's position would find Plaintiff's work environment to be hostile or abusive;

5. At the time the conduct occurred, Plaintiff believed that the conduct made her work environment hostile or abusive;

6. Defendant knew or should have known about Mr. Jones's conduct; and

7. Defendant did not take reasonable steps to correct the situation or prevent the harassment from recurring.

If you find that Plaintiff has proved by a preponderance of the evidence each of the things required of her, then you must find for Plaintiff. However, if Plaintiff did not prove by a preponderance of the evidence each of the things required of her, then you must find for Defendant.

**Authority:** 7th Circuit Pattern Civil Jury Instruction, No. 3.04 (modified to case); *see also Bohen v. City of E. Chicago, Ind.*, 799 F.2d 1180, 1185 (7th Cir. 1986) ("Sexual harassment of female employees by a state employer constitutes sex discrimination for purposes of the equal protection clause of the fourteenth amendment."); *Barry v. O'Grady*, No. 2:14-CV-2693, 2017 WL 1234048, at *11 (S.D. Ohio Mar. 31, 2017), appeal dismissed, 895 F.3d 440 (6th Cir. 2018) (stating elements of hostile work environment claim under Equal Protection Clause).

# MUNICIPAL LIABILITY: POLICY OR CUSTOM

If you find that Plaintiff has proved a constitutional violation by a preponderance of the evidence, you must consider whether Anderson County is liable to Plaintiff. Anderson County is not responsible simply because it employed any particular official or employee. To succeed on this claim, Plaintiff must prove one of the following things by a preponderance of the evidence:

1. At the time Anderson County had a policy of not taking reasonable steps to correct sexual harassment by elected officials or by failing to prevent such harassment from occurring or recurring. The term "policy" means:

   - A rule or regulation adopted by Anderson County;
   - A custom that is persistent and widespread, so that it is Anderson County's standard operating procedure; or
   - A decision, act, or policy statement of William T. Jones,

2. The policy caused the constitutional violation alleged.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence, then you must decide for Plaintiff, and go on to consider the question of damages. If, on the other hand, you find that Plaintiff has failed to prove anyone of these things by a preponderance of the evidence, then you must decide for Defendant, and you will not consider the question of damages

**Authority**: 7th Circuit Pattern Civil Jury Instruction, No. 7.24 (modified to case).

## MUNICIPAL LIABILITY FOR FAILURE TO TRAIN, SUPERVISE OR DISCIPLINE

To succeed on her claim against Anderson County for a policy of failure to train, supervise, or discipline its officers or employees, Plaintiff must prove each of the following things by a preponderance of the evidence:

1. Anderson County's training program was not adequate to train its elected officials, officers, and employees to prevent or correct sexual harassment;

2. Anderson County knew that it was highly predictable that the alleged constitutional violation(s) in this case would occur without more or different training, adequate supervision, or discipline of its elected officials, officers, or employees, because there was a pattern of similar constitutional violations, or it was highly predictable even without a pattern of similar constitutional violations; and

3. Anderson County's failure to provide adequate, training, supervision caused the alleged violation(s) of Plaintiff's constitutional rights.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence, then you must decide for Plaintiff, and go on to consider the question of damages.

**Authority**: 7th Circuit Pattern Civil Jury Instruction, No. 7.25 (modified to case); *City of Canton, Ohio v. Harris*, 489 U.S. 378, 389 (1989).

Respectfully submitted,

/s/Richard E. Collins
Richard E. Collins (TN Bar No. 024368)
422 S. Gay Street, Suite 301
Knoxville, TN 37902
(865) 522-9942
(865) 522-9945 fax
richard@knoxvilleattorney.com

**Counsel for the Plaintiffs**

## CERTIFICATE OF SERVICE

    I hereby certify that I have this 23rd day of March 2020, filed a true and correct copy of the foregoing electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

                                         /s/Richard E. Collins
                                         Richard E. Collins