IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| GAIL HARNESS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ANDERSON COUNTY, TENNESSEE, ) <br> ) <br> Defendant. ) | Case No. 3:18-cv-00100, 3:18-cv-00340 <br> Jury Demanded |

**PLAINTIFF'S PREPOSED JURY INSTRUCTION REGARDING COMPENSATORY DAMAGES AND BACK PAY**

In addition to the special jury instructions proposed by Plaintiff [Doc. 53] already, Plaintiff also proposes the following instructions regarding her claims for compensatory damage and back pay.

**Compensatory Damages**

If you find in favor of Plaintiff on one or more of Plaintiff's claims, then you must determine the amount of money that will fairly compensate Plaintiff for any injury that you find she sustained and is reasonably certain to sustain in the future as a direct result of the acts or omissions upon which you base your finding of liability.[1]

Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.[2] In calculating compensatory damages, you should not consider the issue of lost wages and benefits.

---

[1] *See* 7th Circuit Pattern Civil Jury Instruction, No. 7.26; Tenn. Pattern Jury Instructions (Civil), No. 14.01.

[2] *See* 7th Circuit Pattern Civil Jury Instruction, No. 7.26.

1

The court will calculate and determine any damages for past or future lost wages and benefits.[3] You should consider the following types of compensatory damages:

1. *Mental and emotional pain and suffering.* Mental and emotional pain and suffering that Plaintiff has experienced and is reasonably certain to experience in the future. No evidence of the dollar value of mental and emotional pain and suffering has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of these factors. You are to determine an amount that will fairly compensate the Plaintiff for the injury she has sustained.

2. *Embarrassment and humiliation.* You shall award a sum of money to compensate plaintiff for any embarrassment and humiliation the plaintiff actually suffered as a result of the Defendant's alleged unlawful practice(s). The words "embarrassment" and "humiliation" are used in their everyday meaning. Not every embarrassment and humiliation, however, is compensable. Embarrassment and humiliation are compensable only when a reasonable person with ordinary sensibilities under the same or similar circumstances would be embarrassed or humiliated.[4]

3. *Loss of enjoyment of life*: Loss of the enjoyment of life takes into account the loss of the normal enjoyments and pleasures in life in the future as well as limitations on the person's lifestyle resulting from the injury.[5]

4. *Harm to reputation and loss of standing in the community.* Harm to reputation and loss of standing in the community takes into account the detrimental effects Defendant's

---

[3] *See* 7th Circuit Pattern Civil Jury Instruction, No. 3.10.

[4] *See* Tenn. Pattern Jury Instructions (Civil), No. 11.75.

[5] *See* Tenn. Pattern Jury Instructions (Civil), No. 11.75.

conduct has had on Plaintiff's reputation and standing in the community.[6]

5. *Permanent Injury*. A permanent injury is an injury that the plaintiff must live with for the rest of the plaintiff's life that may result in inconvenience or the loss of physical or mental vigor. Damages for permanent injury may be awarded whether or not it causes any pain or inconvenience. In making an award for such damages, you must use your best judgment and establish an amount of damages that is fair and reasonable in light of the evidence before you.[7]

## Back Pay

If you find that Plaintiff has proven her claim of retaliation by a preponderance of the evidence, you may award her as damages any lost wages and benefits she would have received from the Defendant if she had not been terminated. It is Plaintiff's burden to prove that she lost wages and benefits and their amount. If she fails to do so for any periods of time for which she seeks damages, then you may not award damages for that time period.[8]

---

[6] *See Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 307 (1986) ("[C]ompensatory damages may include not only out-of-pocket loss and other monetary harms, but also such injuries as "impairment of reputation ..., personal humiliation, and mental anguish and suffering.") (internal citation omitted).

[7] *See* Tenn. Pattern Jury Instructions (Civil), No. 11.75 (modified).

[8] *See* 7th Circuit Pattern Civil Jury Instruction, No. 3.11.

3

Respectfully submitted,

/s/Richard E. Collins
_____
Richard E. Collins (TN Bar No. 024368)
STANLEY, KURTZ & COLLINS, PLLC
422 S. Gay Street, Suite 301
Knoxville, TN 37902
(865) 522-9942
(865) 522-9945 fax
richard@knoxvilleattorney.com

## CERTIFICATE OF SERVICE

    I hereby certify that I have this 16th day of June, 2021, filed a true and correct copy of the foregoing electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

                                                                      /s/Richard E. Collins
                                                                      Richard Everett Collins