UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| GAIL HARNESS, | ) |
| | ) |
| *Plaintiff,* | ) Nos. 3:18-CV-100 |
| | ) 3:19-CV-340 |
| v. | ) |
| | ) Judge Collier |
| ANDERSON COUNTY, TENNESSEE, | ) Magistrate Judge Guyton |
| | ) |
| *Defendant.* | ) |

# VERDICT FORM

I. **Liability**

A. Has Plaintiff proven by a preponderance of the evidence that Plaintiff was an employee of Anderson County, Tennessee, and not the Clerk of Court of Anderson County, Tennessee?

**(Yes)**   No   _____

B. Has Plaintiff proven by a preponderance of the evidence that she was subjected to unwelcome sexual harassment?

**(Yes)**   No   _____

C. Has Plaintiff proven by a preponderance of the evidence that Anderson County, Tennessee should have known about the harassment?

Yes   **(No)**   _____

D. Has Plaintiff proven by a preponderance of the evidence that Anderson County, Tennessee had a custom of tolerance or acquiescence in the violation of constitutional rights?

Yes   **(No)**   _____

E. Has Plaintiff proven by a preponderance of the evidence that Anderson County, Tennessee had a custom of failure to train its officers or employees?

Yes _____  (**No**) _____

F. Has Plaintiff proven by a preponderance of the evidence that a custom of Anderson County, Tennessee was the moving force for or direct causal link to the violation of Plaintiff's constitutional rights?

Yes _____  (**No**) _____

G. Has Plaintiff proven by a preponderance of the evidence that Defendant is liable for a hostile work environment in violation of the Tennessee Human Rights Act?

Yes _____  (**No**) _____

II. Damages

[Only answer this question on damages if you answered "yes" to (i) all of questions A through C, question D and/or question E, and question F above; or (ii) question G above; or (iii) both i and ii.]

A. To what compensatory damages is Plaintiff entitled?

$ ███████████████

___6/24/21___
Date